**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4428**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY LAMORE FORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:14-cr-00273-TDS-1)

Submitted:  February 27, 2024                    Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Philip A. Taylor, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, Danny Lamore Ford pled guilty to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  The district court sentenced Ford to 60 months' imprisonment, followed by five years' supervised release. Shortly after Ford began his term of supervision, he was charged with new offenses in state court.  At the hearing on Ford's probation officer's petition for revocation of his supervised release, Ford did not contest the charged violations.  The district court revoked Ford's supervised release and sentenced Ford to 48 months' imprisonment, to run consecutively to any sentence for the state charges, followed by 12 months' supervised release.  Ford now appeals.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in revoking Ford's supervised release and whether the sentence is plainly unreasonable.  Ford has filed a pro se supplemental brief raising additional issues.*  We affirm.

The district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).  We review a district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error.  *United States v. Padgett*, 788

---

\* We have considered the issues raised in Ford's supplemental brief and conclude they lack merit.

F.3d 370, 373 (4th Cir. 2015).  We conclude that there was no error in the district court's decision to revoke Ford's supervised release.

With respect to Ford's sentence "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013).  Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted).  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

3

We conclude that Ford's revocation sentence is both procedurally and substantively reasonable. When imposing its sentence, the district court correctly calculated the policy statement range, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed Ford's arguments for a lesser sentence.

In imposing a variant sentence above the policy statement range, the court explained that Ford's violations of his supervised release conditions were serious, and involved his possession of drugs while on supervision and while incarcerated on the new state drug charges. The court also cited the fact that Ford had only been on supervision for eight months before he incurred the first set of new charges, concluding that the sentence needed to deter Ford from committing crimes. Based on the factors identified by the district court, the variant sentence is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ford, in writing, of the right to petition the Supreme Court of the United States for further review. If Ford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ford.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*